# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS SEABOLT,
        Plaintiff,

v.                                      Case No. 05-C-1240

QUALA CHAMPAGNE, DR. JOSEPH,
DR. STAFF DENTIST, SUE NYGREN
and UNKNOWN E.R. DOCTOR,
        Defendants,

## DECISION AND ORDER

On November 30, 2005, plaintiff Thomas Seabolt, who is presently incarcerated at the Racine Correctional Institution ("RCI"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of his trust account statement showing transactions for the prior six months. The court then assesses the initial fee and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He has been assessed and paid an initial partial filing fee of $17.14.

## I. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (stating that there is no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

## II. FACTS AND BACKGROUND

Plaintiff alleges that he underwent oral surgery on November 5, 2004, and that the RCI staff dentist used too much anesthetic, which caused him to become disoriented and later to fall from the top bunk in his cell, hitting his face on a steel desk and causing facial injuries. He claims that the bunk lacked a guard rail, making it unsafe, and that he should not have been on the upper bunk as he has a lower bunk restriction that the institution ignored. He further claims that the guards delayed in taking him to the hospital, and that the

3

emergency room doctor stitched his wound but took no x-rays. He states that he subsequently experienced headaches, nose bleeds and dizziness, and that RCI medical staff failed to properly attend to him. Plaintiff claims that defendants (1) subjected him to unsafe conditions and (2) exhibited deliberate indifference to his medical needs.

### III. DISCUSSION

**A.     Unsafe Conditions**

Under the Eighth Amendment, prison officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order for an inmate to establish an Eighth Amendment claim, the prisoner must demonstrate that a prison official was deliberately indifferent to his health or safety. Deliberate indifference exists only when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837-38.

Plaintiff alleges that Warden Chamagne is responsible for the unsafe conditions of the bunks and cells, and that he was injured as a result of those conditions. Construing plaintiff's complaint favorably to him, I find that plaintiff has arguably stated a valid conditions of confinement claim against Warden Champagne. While plaintiff does not allege in the complaint that defendant Chamagne had knowledge of the circumstances surrounding his placement in the top bunk and his subsequent fall in November 2004, the complaint need not allege facts corresponding to each "element" of a claim. Doe v. Smith, 429 F.3d 706,

4

708 (7th Cir. 2005). So long as the pleading gives the defendant notice of "what he has been accused of" it is sufficient. Id.

**B.   Medical Needs**

To sustain a claim of deliberate indifference in violation of the Eighth Amendment, the prisoner must show that he had a serious medical need and that a defendant was deliberately indifferent to it. Norfleet v. Webster, 439 F.3d 392, 395 (7th Cir. 2006). The inquiry into deliberate indifference is a subjective one that asks whether the prison official acted with a sufficiently culpable state of mind. Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002). Negligence does not meet this standard; therefore, even admitted medical malpractice does not give rise to a constitutional violation. Nor does a difference of opinion among physicians on how an inmate should be treated support a finding of deliberate indifference. Norfleet, 439 F.3d at 396.

Plaintiff claims that the unnamed staff dentist was deliberately indifferent to his medical needs when he gave him too much anesthetic and then sent him back to his cell without observation despite the fact that the plaintiff had a history of allergies to some medication. At this point in the proceedings, I find that plaintiff's allegations state a claim that the unnamed staff dentist was deliberately indifferent to his medical needs under the Eighth Amendment.

Plaintiff further claims that defendants Dr. Joseph, the staff doctor at RCI, and Sue Nygren, Medical Director at RCI, ignored his requests for further medical treatment after his symptoms persisted and refused to give him straight answers. Again drawing all inferences in his favor, I find that plaintiff has stated a claim against them.

5

However, I cannot conclude that plaintiff has stated a claim against the "Unknown ER Doctor." Plaintiff states only that he believes the doctor should have taken x-rays or other tests to rule out possible head injuries. Disagreement with a doctor's course of treatment is insufficient to state an Eighth Amendment claim.

## IV.  CONCLUSION

For the foregoing reasons**,**

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED** as stated herein.

**IT IS FURTHER ORDERED** that defendant Unknown E.R. Doctor is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the remaining defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect the $232.86 balance of the filing fee from plaintiff's prison trust account by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

6

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12 day of April, 2006.

/s_____
LYNN ADELMAN
District Judge