# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS SEABOLT,

      Plaintiff,

v.                                                             Case No. 05-C-1240

QUALA CHAMPAGNE, DR. JOSEPH,
DR. STAFF DENTIST, and SUE NYGREN,

      Defendants,

## MEMORANDUM AND ORDER

      On November 30, 2005, plaintiff, Thomas Seabolt, who is presently incarcerated at the Racine Correctional Institution (RCI), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. By order of April 13, 2006, the court granted the plaintiff's motion for leave to proceed in forma pauperis on an Eighth Amendment conditions of confinement claim against Warden Champagne and Eighth Amendment medical indifference claims against Dr. Joseph, Sue Nygren and an unnamed staff dentist, Presently before the court is plaintiff's motion for default judgment, which will be addressed herein.

      Plaintiff seeks default judgment on the ground that defendants have allegedly failed to file their answer or responsive pleading within the required time period. Federal Rule of Civil Procedure 55 provides in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the default.

Fed. R. Civ. P. 55(a). The party against whom judgment is sought must have been properly served with process. 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 2682 (3d ed. 1998). A defendant shall serve an answer "within 20 days after being served with the summons and complaint" or "if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent[.]" Fed. R. Civ. P. 12(a).

On April 14, 2006, the complaint, notice, and waiver of service materials were sent to the United States Marshal for service upon defendants Champagne, "Dr. Staff Dentist," Joseph and Nygren. To date, executed waiver of service forms have not been filed on behalf of any of the defendants. However, on June 15, 2006, the four defendants filed their answer. Thus, it appears that defendants Champagne, Joseph, Nygren and the unnamed staff dentist have been properly served.

It is unclear from the record whether service was made with the summons and complaint or pursuant to the waiver process. Therefore, the court is unable to determine when defendants' answer was due under Rule 12(a), Federal Rules of Civil Procedure. Hence, plaintiff has not shown that defendants have, in fact, failed to file their answer in a timely fashion. As stated previously, an answer was filed by defendants after plaintiff filed his motion for default judgment. Thus, even if defendants filed their answer a little late, an entry of a default judgment would not be proper in this case. See Hal Commodity Cycles Mgmt. Co. v. Kirsh, 825 F.2d 1136, 1138-39 (7th Cir. 1987) (explaining that default judgment is a drastic sanction that is not favored by the courts and should be entered only when absolutely necessary); see also Flood v. Margis, 60 F.R.D. 474, 475 (E.D.Wis. 1973); 10A Wright & Miller § 2681 (3d ed. 1998). Therefore, plaintiff's motion for default judgment will be denied.

2

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for default judgment (Docket #10) is **DENIED**.

**IT IS FURTHER ORDERED** that to expedite a resolution of this case, the parties shall comply with the following scheduling order:

1. **Discovery**. All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **October 3, 2006.**

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions**. Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **November 3, 2006**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Local Rule 7.1 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

   The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders**. The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4. **Service**. Under Fed. R. Civ. P. 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

Dated at Milwaukee, Wisconsin, this 29 day of June, 2006.

/s_____
LYNN ADELMAN
U.S. District Judge

## Rule 56. Summary Judgment

(a) For Claimant.  A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.
(b) For Defending Party.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
(c) Motion and Proceedings Thereon.  The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
(d) Case Not Fully Adjudicated on Motion.  If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.
(e) Form of Affidavits; Further Testimony; Defense Required.  Supporting and  opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
(f) When Affidavits are Unavailable.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may such other order as is just.
(g)  Affidavits Made in Bad Faith.  Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.
(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff.  July 1, 1963;  Mar. 2, 1987, eff.  Aug. 1, 1987.)

Civil L.R. 7.1 Motion Practice

(a) Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

(b) On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion. The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.

(c) On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief. Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

(d) All filings under this must indicate the date and method of service. On a showing of good cause, the Court may extend the time for filing of any brief. Failure to file a timely brief shall be deemed a waiver of the right to submit it. All papers served under this rule must be filed promptly. (See Fed. R. Civ. P. 5(d).)

(e) Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.

(f) Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes. A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.