# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS SEABOLT,
    Plaintiff,

v.                                                               Case No. 05-C-1240

QUALA CHAMPAGNE, DR. JOSEPH,
DR. STAFF DENTIST, and SUE NYGREN,
    Defendants,

## DECISION AND ORDER

On November 30, 2005, plaintiff, Thomas Seabolt, who is presently incarcerated at the Racine Correctional Institution (RCI), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. By order of April 13, 2006, the court granted the plaintiff's motion for leave to proceed in forma pauperis on an Eighth Amendment conditions of confinement claim against Warden Champagne and Eighth Amendment medical indifference claims against Dr. Joseph, Sue Nygren and an unnamed staff dentist. On June 15, 2006, defendants filed an answer to the complaint which contained eleven affirmative defenses. Presently before me is plaintiff's "Motion to Strike Affirmative Defenses" in the answer.

Plaintiff seeks to strike the affirmative defenses in the answer on the ground that they do not meet the standards of Rule 8(b), Federal Rules of Civil Procedure and "are not sufficient as a matter of law and are immaterial, redundant and impertinent." Plaintiff's Brief in Support of the Motion to Strike Affirmative Defenses at 1. Under Rule 12(f), Federal Rules of Civil Procedure, the court may, upon motion or upon its own initiative "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they are often

employed for the sole purpose of delay.  See Heller v. Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).  The burden on a motion to strike is upon the moving party.  Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992).

In analyzing a motion to strike an affirmative defense, courts should be mindful of the requirement under Rule 8(c), Federal Rules of Civil Procedure, that a party must set forth any affirmative defense in a responsive pleading.  Failure to do so may waive the right to present the evidence at trial on that defense.  Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 736 (N.D. Ill. 1982) (citing Henry v. First National Bank of Clarksdale, 595 F.2d 291, 298 n.1 (5th Cir. 1979).  Thus, a motion to strike should not be granted unless the defense is patently defective.  Bobbitt, 532 F. Supp. at 736.  A defendant should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed after full hearing on the merits.  Purex Corp. v. General Foods Corp., 318 F. Supp. 322, 323 (C.D. Cal. 1970).  Nevertheless, a motion to strike "is appropriately granted where the defense is legally insufficient, as for example, when there is clearly no bona fide issue of fact or law."  United States v. 729.773 Acres of Land, 531 F. Supp 967, 971 (D. Haw. 1982).

### I. First Affirmative Defense

Defendants' first affirmative defense is that the complaint fails to state a claim upon which relief can be granted.  Answer at 1, ¶1.  Plaintiff argues that this affirmative defense is not sufficient as a matter of law because "[t]his court has already ruled that this plaintiff stated several claims, and then ordered the defendants to answer those claims."  Pl.'s Brief in Supp. at 2, ¶6.  In other words, plaintiff maintains that the first affirmative defense is inappropriate because plaintiff's complaint survived screening under 28 U.S.C. §1915A.

It is true that courts apply the same standard under §1915A as when addressing a motion to dismiss a complaint under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim. Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). However, certain affirmative defenses like failure to exhaust administrative remedies as required under 42 U.S.C. §1997e(a) or qualified immunity may be argued in a motion to dismiss. See e.g., Baltoski v. Pretorious, 291 F. Supp 2d 807, 809 (N.D. Ind. 2003). Therefore, this affirmative defense will not be stricken because the court cannot say that it is patently defective on its face.

## II. Second Affirmative Defense

The second affirmative defense set forth by defendants is the doctrine of qualified immunity. When government officials perform discretionary functions, they are entitled to a qualified immunity defense that shields them from damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In assessing whether a defense of qualified immunity is applicable, the court must address two questions: 1) whether the plaintiff has asserted a violation of a constitutional right, and 2) whether the applicable constitutional standards were clearly established at the time in question. Levenstein v. Salafsky, 164 F.3d 345, 351 (7th Cir. 1998); Erwin v. Daley, 92 F.3d 521, 525 (7th Cir. 1996). Qualified immunity is properly raised as an affirmative defense. Siegert v. Gilley, 500 U.S. 226, 231 (1991).

Other than arguing the merits of his underlying claims, plaintiff fails to establish that qualified immunity was improperly raised as affirmative defense. To the extent that plaintiff's

3

motion invites the court to determine the merits of this affirmative defense, such resolution would be more appropriate at the summary judgment stage. See Purex Corp., 318 F. Supp. at 323; Gallagher v. England, 2005 WL 3299509 *2 (E.D. Cal. 2005) ("Motions to strike are for the purpose of excluding redundant, immaterial, impertinent, or scandalous material, not for dealing with substantive legal issues.") Thus, defendants' second affirmative defense will not be stricken.

### III. Third Affirmative Defense

Defendants raised sovereign immunity as their third affirmative defense in their answer. In response to plaintiff's motion, defendants state that they wish to withdraw that defense as they concede that it is inapplicable to this case. Defs.' Resp. to Mot. at 2. Therefore, the court need not consider plaintiff's objections to this affirmative defense as it is withdrawn.

### IV. Fourth Affirmative Defense

Plaintiff argues that the fourth affirmative defense of failure to exhaust administrative remedies should be stricken. Failure to exhaust is an affirmative defense that the defendants have the burden of proving and pleading. Brengettcy v. Horton, 423 F.3d 674, 682 (7th Cir. 2005).

Plaintiff contends that this affirmative defense is not legally viable because the documents attached to the complaint show that he has exhausted all of his administrative remedies. While plaintiff did attach documentation showing that he presented an inmate complaint through each step of the Inmate Complaint Review System (ICRS) within the Wisconsin prisons, it is not entirely clear that the claims raised in that inmate complaint

4

advanced all of the claims presently advanced by the plaintiff in the instant lawsuit. As a result, I am unable to say that there is no bona fide issue of law or fact concerning the affirmative defense of exhaustion. Further, the merits of such an affirmative defense are more properly addressed in connection with a motion to dismiss or for summary judgment. See Purex Corp., 318 F. Supp. at 323; Gallagher v. England, 2005 WL 3299509 *2. For these reasons, plaintiff's motion to strike this affirmative defense will be denied.

## V. Fifth Affirmative Defense

In defendants' fifth affirmative defense they assert that they "acted in good faith and in accordance with all laws and administrative rules." Answer at 2, ¶5. The plaintiff wants this affirmative defense stricken because he believes it is not supported by the facts. However, there is a more basic reason for striking this affirmative defense: it does nothing more than restate the issues involved in defendants' qualified immunity defense and in the portion of the answer in which defendants deny that they violated the plaintiff's constitutional rights or laws of the State of Wisconsin. "A so-called affirmative defense that is surplusage, in that it merely raises matters already at issue under a denial, may be stricken." Bobbitt, 532 F. Supp. at 736 (quoting 2A Moore's Federal Practice P 8.27(3) at 8-251). Hence, because this affirmative defense is redundant, it will be stricken, without prejudice.

## VI. Sixth Affirmative Defense

Defendants assert as their sixth affirmative defense that "[t]he action must be dismissed because it names the defendants in their official capacity." Other than clarifying that he is seeking relief against the defendants in both their official and personal capacities,

5

plaintiff advances no argument to support his contention that this affirmative defense should be stricken.

Officials acting in their official capacities are not "persons" under § 1983 and, thus, not subject to suit for monetary damages. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing 42 U.S.C. § 1983). The plaintiff's suit seeks damages against the defendants – all state officials – under §1983. Hence, defendants' contention that they were impermissibly sued in their official capacities is a viable affirmative defense. This defense will not be stricken.

### VII. Seventh Affirmative Defense

Plaintiff argues that defendants' seventh affirmative defense alleging that "defendants had no personal involvement whatsoever in the events leading to or surrounding the incident which is the basis of this lawsuit" should be stricken because it is redundant in view of the qualified immunity defense. In order to recover damages in a §1983 action, "a plaintiff must establish that a defendant was personally liable for the deprivation of a constitutional right." Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006) (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). To be personally responsible, an official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Gentry, 65 F.3d at 561.

An affirmative defense alleging that one was not personally involved in the alleged deprivation is distinct from a qualified immunity defense. As such, the defendants' seventh affirmative defense will not be stricken as redundant.

6

## VIII. Eighth Affirmative Defense

As their eighth affirmative defense, defendants assert that "plaintiff has an adequate remedy at law." Answer at 2, ¶8. This is an action for monetary relief only. The plaintiff is seeking compensatory and punitive damages and future medical expenses. He is not seeking injunctive relief. A contention that the plaintiff has an adequate remedy at law would be relevant with respect to a claim for injunctive relief, National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 857 (1985) ("It is fundamental principle of long standing that a request for an injunction will not be granted as long as an adequate remedy at law is available), but defendants have failed to specify how such a defense is pertinent to the plaintiffs' claim for monetary relief. Thus, this defense will be stricken, without prejudice.[1]

## IX. Ninth and Tenth Affirmative Defenses

Defendants' ninth and tenth affirmative defenses are state statutory defenses. In particular, the ninth affirmative defense asserts that "[t]he damages in this case are limited to $250,000 as provided in Wis. Stat. §893.82." Answer at 2, ¶9. The tenth affirmative defense states that "[t]his action is subject to the requirements, provisions, terms, conditions, and limitations of Wis. Stat. §893.82." Id. at ¶10.

Plaintiff argues that these affirmative defenses should be stricken because he is not advancing any state law claims. In response, defendants assert that the affirmative defenses should not be stricken because the "allegations [of the complaint] inferred possible

---

[1] In the event that plaintiff would be allowed to amend his complaint to add a request for injunctive relief, defendants would then be permitted to answer that amended pleading at which time they could assert this affirmative defense. However, at present, plaintiff has not indicated a desire to seek injunctive relief.

7

state claims such as negligence or malpractice which this court could decide if it invoked its power of supplemental jurisdiction." Defs.' Resp. at 3.

At present, the only claims advanced by the plaintiff in his complaint are federal claims under 42 U.S.C. §1983 asserting Eighth Amendment violations. It is undisputed that the state statutory defenses are inapplicable to those claims. If the plaintiff was allowed the opportunity to amend his complaint to add state law claims of negligence or malpractice, defendants then would have the chance to assert these state statutory defenses in an answer to the amended complaint. However, at present, the state statutory defenses are immaterial and inappropriate with respect to plaintiff's federal claims under §1983. Hence, the ninth and tenth affirmative defenses will be stricken, without prejudice.

## X. Eleventh Affirmative Defense

In paragraph eleven of the answer, defendants assert that they "reserve the defense of plaintiff's failure to mitigate damages." Plaintiff does not specify the grounds for striking this affirmative defense. He appears to argue that such a defense is legally insufficient based on the fact that he filed a "notice of injury with the Attorney General of Wisconsin which was ignored" and he "did attempt to establish a rapport with the defense but was ignored."

Failure to mitigate damages is a proper affirmative defense in actions brought pursuant to 42 U.S.C. §1983. See e.g. Fleming v. County of Kane, 898 F.2d 553, 560 (7th Cir. 1990) (involving claim that defendant employer deprived plaintiff of liberty and property interests in employment without due process of law). Plaintiff's arguments invite the court to resolve the merits of the affirmative defense which is premature at this time. See Purex

8

Corp., 318 F. Supp. at 323; Gallagher, 2005 WL 3299509 *2. Thus, this affirmative defense will not be stricken.

### XI. Reservation of Additional Affirmative Defenses

In paragraph twelve of the answer, defendants state that they "reserve the right to name additional affirmative defenses, as they may become known through further discovery or otherwise in this action." Plaintiff contends that this paragraph should be stricken because "Rule 12(h), F.R.C.P. states that if a defendant fails to name any defense in his first responsive pleading the defendant thereby waives that defense." Pl.'s Brief in Supp. at 11. Plaintiff misstates Rule 12(h), Federal Rule of Civil Procedure, which provides, in relevant part, as follows:

> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

By its very terms, only the four specified affirmative defenses are waived if not set forth in the first responsive pleading or one allowed to be made "as a matter of course" under Rule 15(a). As to all other viable affirmative defenses, defendants may seek leave to amend its answer if it wishes to assert them. Bobbitt, 532 F. Supp. at 736 ("Affirmative defenses - like complaints - are protected by the direction of Rule 15(a) that courts are to grant leave to amend pleadings 'freely . . . when justice so requires."). Accordingly, plaintiff has failed to establish that paragraph twelve of the answer should be stricken.

For the foregoing reasons,

9

**IT IS THEREFORE ORDERED** that defendants' third affirmative defense is withdrawn.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike Affirmative Defenses is **GRANTED**, with respect to defendants' fifth, eighth, ninth and tenth affirmative defenses, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that defendants' fifth, eighth, ninth and tenth affirmative defenses are stricken in accordance with this decision and order.

Dated at Milwaukee, Wisconsin, this 2 day of November, 2006.

/s_____
LYNN ADELMAN
U.S. District Judge