# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**THOMAS SEABOLT,**

        **Plaintiff-Appellant,**

**v.**                                  **USDC Case No. 05-C-1240**
                                        **USCA Case No. 07-2936**

**QUALA CHAMPAGNE, DR. JOSEPH,**
**DR. HARENKE, and SUE NYGREN,**

        **Defendants-Appellees,**

---

## MEMORANDUM AND ORDER

Plaintiff Thomas Seabolt, a Wisconsin state prisoner, filed this pro se action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. By order of September 7, 2007, I denied plaintiff's request to proceed in forma pauperis on appeal on the ground that his interlocutory appeal was not taken in good faith. I then directed plaintiff to forward to the clerk of this court the sum of $455.00 as the filing fee in the appeal.

On September 12, 2007, the court received a letter from plaintiff asking the court to reconsider the "order on 9-7-07 ordering [plaintiff] to pay the $455.00." The court will liberally construe plaintiff's letter request as a motion for reconsideration under Federal Rule of Civil Procedure 54(b), which allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.

1987) (quoting <u>Keene Corp. v. Int'l Fid. Ins. Co.</u>, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), <u>aff'd</u>, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), <u>amended by</u>, 835 F.2d 710 (7th Cir. 1987); <u>compare</u> <u>Moro v. Shell Oil Co.</u>, 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

Plaintiff asks the court to reconsider its order of September 7, 2007, on the ground that it is not fair that he be forced to pay the $455.00 because he doesn't have the benefit of an education in the practice of law. One's pro se status alone, however, does not warrant reconsideration under Rule 54(b). Because the plaintiff has not presented any manifest errors of law or fact or any newly discovered evidence, his request for reconsideration will be denied. Moreover, plaintiff was advised that he could contest this court's finding that the appeal was not taken in good faith by filing a motion with the Court of Appeals within 30 days after service of the order. That avenue remains open to the plaintiff.

**IT IS THEREFORE ORDERED** that plaintiff's letter request for reconsideration (Docket # 57) is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 21 day of September, 2007.


/s_____
LYNN ADELMAN
U.S. District Judge

2