# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS SEABOLT,
        Plaintiff,

v.                                         Case No. 05-C-1240

DR. DAVID HARENKE,
        Defendant,

## MEMORANDUM AND ORDER

On November 30, 2005, plaintiff, Thomas Seabolt, who is presently incarcerated at the Racine Correctional Institution (RCI), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. By order of April 13, 2006, I granted plaintiff's motion for leave to proceed in forma pauperis on an Eighth Amendment conditions of confinement claim against Warden Champagne and Eighth Amendment medical indifference claims against Dr. Joseph, Sue Nygren and an unnamed staff dentist. By order of July 31, 2007, I granted summary judgment in favor of Warden Champagne, Dr. Joseph, and Sue Nygren, but allowed plaintiff to proceed on an Eighth Amendment medical indifference claim against Dr. Harenke, who was substituted for the previously unnamed staff dentist. Defendant Harenke subsequently filed the motion for summary judgment that is presently before me.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome

of the suit." See Anderson, 477 U.S. at 248.  A dispute over "material facts" is "genuine" if

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Id.  In deciding a motion for summary judgment, I may consider any materials that would be

admissible or usable at trial, including properly authenticated and admissible documents.

Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000).

I am obliged to draw all inferences in a light most favorable to the nonmoving party.

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However,

I am "not required to draw every conceivable inference from the record – only those

inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th

Cir. 1991).

The burden of showing the needlessness of trial – (1) the absence of a genuine issue

of material fact, and (2) an entitlement to judgment as a matter of law – is upon the movant.

However, when the nonmovant is the party with the ultimate burden of proof at trial, that

party retains its burden of producing evidence which would support a reasonable jury verdict.

Anderson, 477 U.S. at 249-50; see also Celotex Corp v. Catrett, 477 U.S. 317, 324 (1986)

(A "proper" summary judgment motion may be "opposed by any of the kinds of evidentiary

materials listed in Rule 56[c], except the mere pleadings themselves . . . .");  Fed. R. Civ. P.

56(e)(2) ("When a motion for summary judgment is properly made and supported, an

opposing party may not rely merely on allegations or denials in its own pleading; rather its

response must – by affidavits or as otherwise provided in this rule – set out specific facts

showing a genuine issue for trial.").  "Rule 56(c) mandates the entry of summary judgment,

. . . upon motion, against a party who fails . . . to establish the existence of an element

2

essential to that party's case and on which that party will bear the burden of proof at trial."

Celotex Corp., 477 U.S. at 322.

## II. PRELIMINARY MATTERS

Along with his motion, defendant Harenke filed a supporting brief and "Defendant's Proposed Findings of Fact" (DPFOF) which were "supported by specific citations to evidentiary materials in the record" as required under Civil Local Rule 56.2(a). His submission identified ten factual propositions.

The Local Rules provide:

(b) Response. Any materials in opposition to a motion filed under this rule must be filed within 30 days from service of the motion and must include:

(1) A specific response to the movant's proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists.

(2) A party opposing a motion may present additional factual propositions deemed to be relevant to the motion, in accordance with the procedures set out in Subparagraph (a)(2) of this rule. These propositions may include additional allegedly undisputed material facts and additional material facts which are disputed and which preclude summary judgment.

Civil L.R. 56.2(b) (E.D. Wis.). Plaintiff filed an opposing brief but did not file a response to defendant's proposed findings of fact. The Local Rules are clear as to the consequences of plaintiff's failure to comply with Civil Local Rule 56.2(b)(1): "the Court *must* conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." Civ. L.R. 56.2(e) (emphasis added). The Court of Appeals for the Seventh Circuit has repeatedly held that district courts are entitled to expect strict compliance with their local rules relating to summary judgment motion practice. See Cichon v. Exelon

3

Generation Company, L.L.C., 401 F.3d 803, 809 (7th Cir. 2005); Ammons v. Aramark Unif. Servs., Inc., 368 F.3d 809, 817 (7th Cir. 2004); and Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994). Moreover, plaintiff's failure to comply with Local Rule 56.2(b) is not excused by his pro se status. See Greer v. Bd. of Educ. of Chicago, 267 F.3d 723, 727 (7th Cir. 2001); Stevens v. Navistar Int'l Transp. Corp., 244 F. Supp. 2d 906, 910 (N.D. Ill. 2002).

Therefore, because plaintiff has not responded to defendants' proposed findings, the court will accept as true defendant's proposed findings of fact. Plaintiff filed his own proposed findings of fact under Civil Local Rule 56.2(a) with his brief opposing summary judgment. However, plaintiff's proposed findings of fact are unsupported by citation to evidentiary materials in the record. As a result, defendant's proposed findings of fact and any relevant and admissible facts contained in plaintiff's verified complaint which comply with Rule 56(e) will constitute the undisputed facts for purposes of summary judgment. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996).

### III. UNDISPUTED FACTS

Plaintiff is an inmate incarcerated at RCI in Sturtevant, Wisconsin. (DPFOF ¶ 1.) Defendant Dr. David Harenke was employed by the Wisconsin Department of Corrections as a dentist serving several correctional institutions, including RCI, since February 19, 2002. (Id. ¶ 2.) On November 5, 2004, plaintiff had oral surgery. (Id. ¶ 5.) Dr. Harenke extracted twelve of plaintiff's teeth in preparing his mouth for dentures, and the procedure required the use of local anesthetic. (Id.) When he got back to his cell around 10:00 a.m., plaintiff "passed out", and then fell out of the top bunk in his cell at 2:00 a.m. on November 6, 2004.

4

(Compl. at 7.)  During his fall, plaintiff struck a metal desk and sustained injuries requiring medical attention.  (Id.)  Plaintiff suffered recurring headaches, sinus problems, and dizzy spells, as well as a two-inch facial scar as a result of this fall.  (Id. at 9.)  Plaintiff believes his injuries were caused by the dentist using too much anesthetic or by "some sort of reaction" to the anesthetic, combined with being placed in an upper bunk without a railing in violation of his lower bunk restriction.  (Id. at 7.)

## IV.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant argues that he is entitled to summary judgment because he properly administered anesthetic to plaintiff when performing oral surgery, and was not deliberately indifferent to plaintiff's medical needs.

Plaintiff argues that Dr. Harenke was indifferent to the side effects of the anesthetic, as there was an obvious risk that the anesthetic would cause drowsiness and sleep, and plaintiff subsequently fell from his top bunk and was injured.[1]

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001).  To defeat the defendant's motion for summary judgment, the plaintiff must cite evidence from which it can be inferred

---

[1]Plaintiff also claims that Dr. Harenke later retaliated against him after plaintiff filed this lawsuit, by drilling and filling a cavity on June 22, 2006 without any anesthetic or pain relief, and by providing penicillin to plaintiff despite knowing plaintiff is allergic to penicillin. This claim is not relevant to the instant motion for summary judgment because the complaint did not allege retaliation. And even if it were relevant, plaintiff has not provided any evidence to support these assertions.

5

that he had a serious health need and that prison officials were deliberately indifferent to this need.  Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner."  Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998).  Neither negligence nor even gross negligence is a sufficient basis for liability.  See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991).  A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless."  Chapman, 241 F.3d at 845 (citing Farmer, 511 U.S. at 840-42).

Plaintiff alleges that Dr. Harenke (previously, the unnamed "Dr. Staff Dentist")  was deliberately indifferent to his medical needs under the Eighth Amendment when he gave him too much anesthetic and then sent him back to his cell without observation even though he had a history of allergies to some medication.  The verified complaint states only that the plaintiff "believe[d] that [Dr. Harenke] used too much antistetic [sic], or [plaintiff] had some sort of reaction to it" and that plaintiff "contend[s] that  . . . [Dr. Harenke] knew that [plaintiff] had a history of allergies to some medication but still pumped [him] full of antistetic [sic] and sent [him] on [his] way without knowing what kind of reaction [he] might have."  (Compl. at 7 and 11.)  Plaintiff then contends in his brief opposing summary judgment, "It was and is obvious that an anesthetic will cause drowsiness and sleep.  It is just as obvious that a person should not be in an upper bunk while recovering from such drugs."  (Plaintiff's Brief in Opposition at 2.)

6

There is nothing in the record suggesting that Dr. Harenke knew plaintiff would be placed in the upper bunk after his dental procedure, and therefore no reason to infer that Dr. Harenke was aware of the risk that plaintiff would be injured falling from an upper bunk. In fact, plaintiff states in his complaint that he had a lower bunk restriction. Nowhere does plaintiff suggest that a dentist like Dr. Harenke is responsible for enforcing such a restriction, and plaintiff has failed to point to any evidence establishing that Dr. Harenke was aware of the risk that plaintiff would fall from an upper bunk without a railing. Chapman, 241 F.3d at 845 (citing Farmer, 511 U.S. at 840-42) (liability under § 1983 requires evidence that state actor "was aware of the risk and consciously disregarded it nonetheless."). Nor has plaintiff produced any evidence suggesting that Dr. Harenke was deliberately indifferent to plaintiff's medical condition while administering the anesthetic used during the extraction procedure. Even assuming all of plaintiff's assertions and arguments are true, and taking all inferences in his favor, plaintiff at best establishes a genuine issue of material fact with respect to whether Dr. Harenke was negligent. As discussed above "neither negligence nor even gross negligence is a sufficient basis for liability; rather, liability attaches only if the conduct is intentional or criminally reckless." Chapman, 241 F.3d at 845. Because plaintiff has failed to introduce evidence suggesting that defendant Harenke was aware of the risk posed by the upper bunk or that his conduct in administering the anesthetic amounted to criminal recklessness, Dr. Harenke is entitled to summary judgment on the Eighth Amendment claim against him.

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment (Docket #65) is **GRANTED**.

7

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7 day of August, 2008.

/s_____
LYNN ADELMAN
U.S. District Judge